UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No: 24-cv-80385-ROSENBERG/REINHART

IOT INNOVATIONS LLC,

        Plaintiff,

v.

SOMFY SYSTEMS, INC.,

        Defendant.
_____/

**STANDING DISCOVERY ORDER FOR**
**MAGISTRATE JUDGE BRUCE REINHART**

The following procedures are designed to accomplish civil discovery without undue delay and unnecessary expense. The Court may impose sanctions for non-compliance with these procedures.

    **I.**    GENERAL DISCOVERY PRINCIPLES

        **A.**  Rule 26(b)(1) – Relevance and Proportionality

Federal Rule of Civil Procedure 26(b)(1), as amended on December 1, 2015, defines the scope of permissible discovery:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within the scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). An objection based on relevance or proportionality must include a specific explanation describing why the request lacks relevance and/or why the requested discovery is disproportionate in light of the factors listed in Rule 26(b)(1).

    **B.** <u>Non-Waiver</u>

Discovery is a dynamic process. What is relevant or proportionate or cumulative or unduly burdensome can change as a case moves forward. The Court recognizes that a party may be unwilling to compromise its position on a particular discovery request because of concern that the concession will be deemed to waive a future objection or a future demand for related discovery. To eliminate this concern, the Court evaluates all discovery requests and responses individually. Therefore, by responding, in whole or in part, to a discovery request, a party does not waive any objection to a future request. Likewise, by agreeing to limit a discovery demand, a party does not waive its right to seek additional discovery in the future. Parties need not serve a response or objection that specifically reserves their rights or disavows a waiver.

    **II.**   <u>DISCOVERY PROCEDURES</u>

        **A.** <u>Deposition Scheduling</u>

Parties are expected to confer in good faith to schedule depositions at times convenient for all parties. If the parties cannot agree on a date after reasonable conferral, the requesting party may unilaterally schedule the deposition, with the notice required by Local Rule 26.1(h). The burden then shifts to the deponent to move for a protective order. S.D. Fla. L.R. 26.1(h).

**B.** Rule 26(g) Certification

Federal Rule of Civil Procedure 26(g) requires a lawyer or party requesting discovery, responding to a discovery request, or objecting to a discovery request to sign the relevant pleading. Fed. R. Civ. P. 26(g). The signature "certifies that to the best of the person's knowledge, information, and belief *formed after a reasonable inquiry*" (1) any required disclosures are complete and correct and (2) any request, response, or objection is (i) consistent with the Federal Rules of Civil Procedure (including the proportionality requirement of Rule 26(b)(1)), (ii) not for an improper purpose, such as delay or needless increase in litigation cost, and (iii) not otherwise unreasonable "considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action." *Id.*

Rule 26(g) imposes an affirmative duty on counsel to conduct a reasonable inquiry prior to serving discovery or objecting to discovery, and to conform discovery to what is reasonably necessary to the case at hand. For a party responding to a discovery request, "Rule 26(g) does not require a comprehensive search of all possible locations where responsive evidence may be found. Nor does it require a perfect or even optimal search. It requires a 'reasonable' inquiry." *In re Zantac (Ranitidine) Prod. Liab. Litig.,* No. 20-MD-2924, 2021 WL 5299847, at *4 (S.D. Fla. Nov. 15, 2021).

**C.** ESI Searches

The Court does not rule on ESI search disputes in advance. The parties should confer to try to reach agreement on what data will be collected and searched, and the search methodology (including, if appropriate, search terms). If they cannot agree, the Respondent should unilaterally conduct a search using its chosen search

methodology and data sources. The Requester can then challenge whether the Respondent conducted a "reasonable inquiry" that complied with Rule 26(g). The Court may allow limited "discovery on discovery" to inform whether the search complied with Rule 26(g).

    **D.** <u>Instructions to the Responding Party</u>

A party propounding discovery cannot unilaterally impose legal obligations on the respondent through Instructions. Any Instruction that purports to impose a duty other than those mandated by the Federal Rules of Civil Procedure or the Local Rules of this Court has no legal effect.

    **E.** <u>Production at an Indeterminate Time</u>

It is a common practice to respond to Requests for Production by saying that the party will produce, or make available for inspection, responsive materials at an indeterminate future date. This kind of statement is not an acceptable response. Federal Rule of Civil Procedure 34(b)(2)(B) says that a production must be "completed no later than the time for inspection specified in the request or another reasonable time specified in the response." Fed. R. Civ. P. 34(b)(2)(B). Unless all unobjectionable materials are being produced contemporaneously with the written response, the response must specify a date by which production will be completed; the respondent may adopt the date proposed in the request or may propose its own reasonable time, after consultation with opposing counsel.

The Court strongly encourages parties to engage in rolling production of documents. If a rolling production is to occur, the parties shall confer about a

production schedule, including the order in which categories of documents will be produced, and a good faith estimate of the date by which production will be completed. Whether by rolling production or otherwise, a final production date more than 30 days after the response deadline (i.e., generally 60 days after the request is served) is presumptively unreasonable under Rule 34(b)(2)(B). That being said, the parties will be in the best position to assess the timing of discovery in a particular case. Therefore, the parties may agree to a longer period for production, without leave of Court. In the absence of agreement among the parties, if the production will not be completed within 30 days of the response deadline, a motion for enlargement of time should be filed by the responding party. The motion shall include a good cause explanation for why production cannot be completed within that time period, and a proposed schedule for completing the production. The opposing party shall respond within 72 hours.

    **F.**  Rule 26(c) – Protective Orders

Federal Rule of Civil Procedure 26(c) permits the Court to enter a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). A motion seeking relief under Rule 26(c) must include a specific explanation, supported by facts, demonstrating how complying with the discovery request would cause annoyance, embarrassment, oppression, or undue burden or cost. The Court will reject a conclusory unsupported statement that Rule 26(c) relief is warranted. *See* S.D. Fla. L.R. 26.1(g)(3).

G. Requests for Sanctions

Any request for sanctions (including fees or costs associated with discovery) must be by separate motion. Leave of court is not required prior to filing a sanctions motion. Any such motion must state the rule or statute that justifies sanctions and the specific remedy being requested.

III. DISCOVERY OBJECTIONS

A. Identifying Withheld Materials

Objections to Requests for Production must "state whether any responsive materials are being withheld on the basis of that objection." Fed. R. Civ. P. 34(b)(2)(C). When a party asserts a discovery objection, the Court assumes that a Rule 26(g) compliant search has been conducted and that responsive materials exist. **If a party interposes an objection and later asserts that no responsive documents exist, the Court will impose sanctions.** If a party asserts that it would be too burdensome to search for responsive materials, the objection should make clear that no search has been conducted and explain why a search would be unduly burdensome.

B. Boilerplate or General Objections

The parties shall not make nonspecific, boilerplate objections. *See, e.g.*, S.D. Fla. L.R. 26.1(e)(2)(A) ("Where an objection is made to any interrogatory or subpart thereof or to any production request under Federal Rule of Civil Procedure 34, the objection shall state with specificity all grounds."). The parties also shall not make general objections that are not tied to a particular discovery request. The Court will strike these general objections.

### C. Vague, Overly Broad, and Unduly Burdensome

Objections that state that a discovery request is "vague, overly broad, or unduly burdensome" are, standing alone, meaningless, and will be stricken by the Court.

If a party believes that a request or a term is vague, that party must first ask for clarification from opposing counsel prior to objecting on vagueness grounds. If the requesting party does not clarify the request, the responding party should unilaterally define the allegedly-vague term and respond accordingly. For example, "Defendant construes the term '___' to mean '_____.' Consistent with that definition, Defendant is producing _____."

An objection that a discovery request is "overbroad" is ambiguous. If the objecting party asserts that the request seeks materials that are not relevant, the objection should say so. Alternatively, if the objector asserts that the request seeks materials that are relevant but excessive or cumulative, the objection should state that the request is disproportionate.

If a party believes a discovery request seeks irrelevant information, is disproportionate, or is unduly burdensome, that party shall confer in good faith with opposing counsel to narrow the scope of the request before asserting these objections. The objecting party nevertheless shall respond as to those matters for which the scope or burden is not contested. For example, if there is an objection based upon the scope of the request, such as time frame or geographic location, discovery should be provided as to the time period or locations that are not disputed. Thus, if discovery is sought nationwide for a ten-year period, and the responding party objects on the

grounds that only a five-year period limited to activities in the State of Florida is appropriate, the responding party shall provide responsive discovery falling within the five-year period as to the State of Florida.

A party objecting on any of these grounds must explain the specific and particular way in which a request is vague, seeks irrelevant information, is disproportionate, or is unduly burdensome. *See* Fed. R. Civ. P. 33(b)(4) and 34(b)(2)(B); *see also Dem. Rep. Congo v. Air Capital Grp., LLC*, No. 12-CIV-20607, 2018 WL 324976, at *3 (S.D. Fla. Jan. 8, 2018) (J. Torres) (quoting *Sallah v. Worldwide Clearing LLC,* 855 F. Supp. 2d 1364, 1376 (S.D. Fla. 2012) (J. Rosenbaum)) ("'A party objecting on these grounds must explain the specific and particular way in which a request is vague, overly broad, or unduly burdensome. In addition, claims of undue burden should be supported by a statement (generally an affidavit) with specific information demonstrating how the request is overly burdensome.'").

**D.** Formulaic Objections Followed by an Answer

A party shall not recite a formulaic objection followed by an answer. It has become common practice for a party to object to a discovery request, and then state that "notwithstanding the above," the party will respond to the discovery request, subject to or without waiving such objection. **"**Objecting but answering subject to the objection is not one of the allowed choices" under the Federal Rules of Civil Procedure. *Spadaro v. City of Miramar*, No. 11-61607-CIV, 2012 WL 12862641, at *4 (S.D. Fla. Apr. 25, 2012) (J. Seltzer) (citation omitted). Such a response improperly leaves the requesting party uncertain as to whether the discovery request (as propounded) has

been fully answered, whether the response relates only to the request as unilaterally narrowed by the responding party, and whether the responding party is withholding any responsive materials. *See Consumer Elecs. Ass'n v. Compras & Buys Magazine, Inc.*, No. 08-21085-CIV, 2008 WL 4327253, at *3 (S.D. Fla. Sept. 18, 2008) (J. Simonton).

For a Request for Production, the proper practice is to (1) state whether documents are being provided in response to the request and identify those documents by sequential number or category, and (2) state whether any responsive documents are being withheld, and if so the specific legal basis for that objection. *See* Fed. R. Civ. P. 34(b)(2)(C) (objection must "state whether any responsive materials are being withheld on the basis of that objection"); S.D. Fla. L.R. 26.1(e)(6) ("Each page of any document produced in a non-electronic format must be individually identified by a sequential number that will allow the document to be identified but that does not impair review of the document."). Samples of proper objections include:

> Defendant is providing documents marked as Defense 1–250, as well as a USB drive containing emails for the following custodians in native format: _____. Defendant has identified other documents which are responsive to the request as propounded, but Defendant asserts that those additional documents are irrelevant to the claims and defenses in this matter because \_\_\_\_\_.

> Plaintiff is providing documents marked as Plaintiff 1–100. Plaintiff has identified other documents which are responsive to the request as propounded, but Plaintiff asserts that production of those materials would be disproportionate to the needs of the case because the burden and expense of the proposed discovery outweigh its likely benefit for the following reasons: _____.

For an Interrogatory, stating both an objection and an answer waives the objection. *See, e.g.*, *Tardif v. People for the Ethical Treatment of Animals*, No. 2:09-

CV-537-FTM-29, 2011 WL 1627165, at *4 (M.D. Fla. Apr. 29, 2011) ("[W]henever an answer accompanies an objection, the objection is deemed waived, and the answer, if responsive, stands."); *but see Proflex Prods., Inc. v. Protecto Wrap Co.*, No. 12-21280-CIV, 2013 WL 12064531, at *1 (S.D. Fla. July 18, 2013) (J. Hunt) (holding that where discovery request can be subdivided without ambiguity, a party may object to a portion of the interrogatory *specifically* while also providing an answer to the non-objectionable portion.).

### E. Objections "To The Extent That"

Parties often object to a discovery request "to the extent that" it seeks irrelevant or privileged evidence. This objection does not address whether, in fact, the request calls for non-discoverable evidence. If a party believes a discovery request seeks irrelevant or privileged evidence, the party must say so.

### F. Privilege Objections — Requests for Production and Interrogatories

Generalized objections asserting attorney-client privilege or work product doctrine do not comply with the Local Rules. Local Rule 26.1(e)(2)(B) requires that objections based upon privilege identify the specific nature of the privilege being asserted, as well as, *inter alia*, the nature and subject matter of the communication at issue and the identities of the parties to the communication. S.D. Fla. L.R. 26.1(e)(2)(B). Local Rule 26.1(e)(2)(C) requires a privilege log. S.D. Fla. L.R. 26.1(e)(2)(C). If a general objection of privilege is made without attaching a proper privilege log, the objection of privilege may be deemed waived. The production of non-privileged materials should not be delayed while a party is preparing a privilege log.

G. Objections Based upon Privilege – Depositions

In general, it is improper for a party to object to a noticed deposition with a blanket assertion of privilege. *See S.E.C. v. Merkin*, 283 F.R.D. 689, 698 (S.D. Fla. 2012) (J. Goodman), *objections overruled*, 283 F.R.D. 699 (S.D. Fla. 2012) (J. Graham). Rather, assertions of privilege during a deposition should be raised on a question-by-question basis, thus providing the Court with a record from which it can determine whether each assertion of privilege was proper.

H. Objections to Rule 30(b)(6) Deposition Topics

The Court typically will decline to rule on objections made in advance of a Rule 30(b)(6) deposition of a corporate representative. "In situations where a particular [Rule 30(b)(6)] noticed topic is alleged to be outside the scope of Rule 26 discovery . . . . the remedy . . . does *not* involve this Court preemptively reviewing arguments on relevance or overbreadth." *Balu v. Costa Crociere S.P.A.*, No. 11-60031-CIV, 2011 WL 3359681, at *3 (S.D. Fla. Aug. 3, 2011) (J. Torres) (emphasis in original) (quoting *New World Network Ltd. v. M/V Norwegian Sea*, 2007 WL 1068124, at *2–3 (S.D. Fla. Apr. 6, 2007)) (noting that "'the Rule is intended to be self-executing and must operate extrajudicially'"). Often, the precise phrasing or context of a question will affect whether it is legally proper. To "give the Court a factual record with which to judge whether a particular topic or question asked should be compelled or not," the corporate deponent should object to a topic as the questions are being posed, and the opposing party should move to compel additional answers, if necessary, after the deposition. *Balu*, 2011 WL 3359681, at *4. In sum**, the corporate deponent's lawyer is authorized to object to a deposition question and instruct the**

**witness not to answer on relevance grounds, but if the Court overrules the objection, the Court will assess fees and costs for reconvening the 30(b)(6) deposition.**

  IV.  PROCEDURES FOR DISCOVERY DISPUTES

    A. <u>Pre-Hearing Communication</u>

  If a discovery dispute arises, counsel must actually speak to one another (in person or via telephone) and engage in reasonable compromise in a genuine effort to resolve their discovery disputes before seeking Court intervention.

    B. <u>Hearing Procedures</u>

  If, after conferring, the parties are unable to resolve their discovery disputes without Court intervention, Magistrate Judge Reinhart will set the matter for a hearing using the following procedures. No discovery motions shall be filed until after the parties have engaged in this process. If the dispute is not resolved at the discovery hearing, the Court will consider authorizing the filing of an appropriate discovery motion, which will then implicate the sanctions provisions of Federal Rule of Civil Procedure 37(a)(5).

  The moving party may request a discovery hearing by sending an email to [reinhart@flsd.uscourts.gov](mailto:reinhart@flsd.uscourts.gov). The subject line of the email shall be "Request for Discovery Hearing." The email shall provide the Court with two afternoons in the following seven business days when all parties are available. The email shall state the amount of time that the parties anticipate needing for the hearing. The email shall be copied to all counsel, and shall certify that the moving party has conferred with opposing counsel and confirmed opposing counsel's availability on the proposed

dates. The Court will enter an order setting the hearing. Counsel are required to appear in person at the discovery hearing unless otherwise excused by the Court.

At least 48 hours prior to the scheduled hearing, the parties shall file a joint discovery memorandum of five pages or less (1) specifying the substance of the discovery matter to be heard, (2) certifying that the parties have complied with the pre-hearing communication requirement set forth above, and (3) attaching a copy of all source materials relevant to the discovery dispute (e.g., if the dispute concerns interrogatories, the interrogatories at issue and any responses thereto shall be provided to Chambers). A sample format for the joint discovery memorandum is attached as Appendix 1 to this Order. This procedure does not apply when non-parties object to subpoenas served upon them.

### C. Encouraging Participation by Less-Experienced Lawyers

Ordinarily, only one lawyer for each party may argue at the discovery hearing. Nevertheless, the Court has a strong commitment to supporting the development of our next generation of lawyers. The Court encourages parties and senior attorneys to allow less-experienced practitioners the opportunity to argue in court. A party should advise the Court prior to the beginning of the hearing if a lawyer of 5 or fewer years of experience will be arguing the matter. In that event, the Court will allow multiple lawyers to argue on behalf of that party.

**DONE and ORDERED** in Chambers at West Palm Beach, Florida, on April 12, 2024.

_____
BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE

# APPENDIX 1

The parties certify they have complied with the requirements for pre-hearing consultation contained in the Court's Standing Discovery Order. Despite good faith efforts to resolve their differences, the following issues require resolution by the Court

1. The parties dispute the appropriate time frame for Plaintiff's Interrogatory Nos. 1, 5, 6-9. Plaintiff asserts that the time frame should be limited to ____ because [legal basis for position, such as relevance, undue burden, disproportionate]. Defendant believes the proper time frame is _____.

2. Defendant objects to Request for Production 3. Defendant has produced ____ in response to the Request, believes that additional documents exist, but objects to the production of those documents because _____. Plaintiff believes that all the materials sought by the Requests are [relevant/proportional/not unduly burdensome] because _____.

3. Plaintiff objects to Request for Production 9, which calls for production of voluminous documents/electronic communications. Plaintiff asserts that it will be unduly burdensome and costly to conduct searches to identify if responsive documents exist. Defendant asserts that, to minimize cost and burden, it has proposed to limit the time frame of the request and has offered search terms as follows:_____.

4. Plaintiff objects to Interrogatory 7 because it would require disclosure of communications and materials protected by the attorney-client/work product privilege. Defendant asserts that no privilege exists because ____.

Copies of the relevant discovery requests and related pleadings are attached, as follows:

1. Plaintiff's First Interrogatories and Defendant's Response and Objections
2. Defendant's Request for Production and Plaintiff's Objections